Scott, J.
The plaintiffs, having the legal title to, and being in the actual occupation of, two- tracts of land in Huron county, brought their action in the court of common pleas of said county, to quiet their title against a claim to the property, set up by the defendant, Williams, growing out of his purchase of the premises at tax sale. Among the taxes charged upon the property, and for the non-payment of which it was sold, was an assessment of more than $2,000 on account of the costs and expenses of constructing a ditch, some seven miles in length, with several branches. The main contest was as to the validity of this assessment. The plaintiffs, in their petition, alleged that this assessment was wholly irregular, illegal, and void, by reason of sundry manifest errors occurring in the proceedings bef'oie the commissioners, in the location and establishment of the ditch, and in the assessment made upon their lands for its construction ;• that said proceedings were had under the act of March'27, 1861, and the acts amendatory thereto, but were in violation of many of their important provisions; and that said ditch was in fact of no benefit to their lands. And averring that they had tendered to the treasurer of the county, and to said Williams, the full amount of the taxes for which their lands were legally liable, in the years 1868 and 1869, in which the alleged delinquencies occurred, before their sale to the said Williams, they pray that they may be quieted in their title and possession of said lands against the claim of Williams; that the tax sales and certificates thereof may be adjudged null and void; that the certificates of sale may be can *592 celed; that the ditch assessments may be declared illegal and void; that the treasurer may be enjoined from any further attempt to collect the same ; and for further relief.
The allegations of the petition were traversed by the answers of the defendants. The case was brought into the-district court of Huron county, by appeal ; and coming on for hearing in that court, at its April term, 1872, that court found aud ordered, among other things, as follows :
“That the proceedings for the location, establishment.,, and construction of the ditches in the petition mentioned,, were irregular and erroneous, and that the assessments made on said lands on account thereof, were illegally made,, and that there are manifest errors in the proceedings-wherein the ditch assessments mentioned in said petition were made on said lands.
“ It is therefore ordered and adjudged by the court, that the said tax sales, with the certificates thereof, mentioned in said petition, be also set aside and annulled, and that the said Abby P. Peck be quieted in her title and possession of said real estate, against all claims of said Williams therein, and that said Williams deliver to the clerk of this-court the said certificate of tax sales, and the same be canceled.
“It is further ordered and adjudged by the court, that the aforesaid ditch proceedings be, and the same are, hereby set aside, and that the said plaintiff, Abby P. Peck, heal lowed to come in and show wherein she has been injured thereby.”
The court proceeded to appoint a master commissioner,, who was ordered to make the necessary surveys aud plats of the lands benefited by the ditch, and to make report to the next term of the court, showing whether plaintiffs’ lands were benefited by the ditch, and if so, how much ; whether the portion of the ditch which the commissioners had assigned to the plaintiffs for construction was more or less than their equitable share thereof, in proportion to the-benefits received by the several land-owners interested in* *593 the making of the ditch, and these land-owners were ordered to be made parties to the proceeding, and the cause was continued.
At the next term of the district court, in March, 1873, the cause came on for further hearing, “upon the pleadings, exhibits, report of Joseph Smith, Jr., the special master commissioner appointed herein at the last term of this court, and the testimony adduced by the parties, and was argued by counsel; on consideration whereof, the court doth find that the equity of the case is with tbe defendant, Theodore "Williams. That the plaintiffs have not, nor has either of them, been injured by the proceedings for the location and construction of the several ditches set forth in their petition. That said ditches, as ordered and constructed, were necessary and proper, and benefited the said lands of the said Abby P. Peek, as alleged by the defendants. That the proportion of the costs and expenses of locating said ditches, and of the work of excavating and constructing the same, charged upon the lands of the said Abby P. Peck, described in the petition of the original proceedings for the location and construction of said ditches, was the just and equitable proportion thereof, properly chargeable on said lands, and the said costs and expenses should have been paid, and said work performed, as directed and required in and by said original proceedings.
“ The court further finds that said Abby P. Peek wrongfully neglected to pay the proportion of said costs and expenses so assigned to her, or to perform any part of the work of excavating and constructing said ditches' so apportioned to her; and that by reason of her failure to excavate and construct that part of said Brennan ditch and its branches or laterals assigned to her as her just proportion thereof, as aforesaid, the same was duly let by the county auditor of said county of Huron, in the manner provided by law, to one Jonas Roe, by whom said work was thereupon performed in conformity to the said order and requirement of said county commissioners,
*594 “ The court further finds that the amount due and payable to said Jonas Roe, on the 10th day of July, a. d. 1868, for performing said work under said contract with said county auditor, was twenty-one hundred and thirty-three dollars and thirty cents ($2,133.30),,and that a certificate therefor was duly issued to said Roe by the county auditor of said county of Huron, at said date, and the amount thereof duly entered on the tax duplicate of said county, in the manner provided by law; that said sum, with interest from the date last aforesaid, amounting on the first day of this term to twenty-seveu hundred and thirty-five dollars and- fifty one cents ($2,735.51), constitutes a charge and lien upon the lauds described in the petition, and should in equity be paid by the said Abby P. Peck, as her just proportion of the expenses incurred in constructing and excavating said Dren nan ditch and its branches aforesaid.
“ The court further finds that the defendant, Theodore Williams, was, at the commencement of the suit, and still is, the assignee and owner of the said claim and demand of the said Jonas Roe, as alleged by him, and entitled in equity to receive the amount found due thereon as aforesaid.
“The court further finds that by reason of the failure of the said Abby P. Peck to excavate and construct that part of said A. H. Skinner ditch assigned to her as her just proportion thereof, the same was duly.let by said auditor, in the manner provided by law, to third parties, by whom said work was thereupon performed in conformity to the said .order and requirement of said county commissioners; that the costs and expenses thereof, including the proportion of the costs and expenses of locating said A. H. Skinner ditch properly chargeable to said lands of said Abby P. Peck, was $40.97 ; that the same has been duly entered upon the tax duplicate of said county for collection, and with the interest accrued and accruing thereon, should be collected in the manner provided by law.
“ The court further finds that the proportion of the costs and expenses of locating said Drennan ditch and its said branches or laterals, properly chargeable upon the said *595 lands of the said Abby P. Peek, was $74.10; that the same has been duly entered upon the tax duplicate of said county for collection, and with the interest accrued and accruing thereon, should be collected in the manner provided by law: that both said sums when collected should be paid to the said Theodore Williams, he having paid said amounts into the county treasury of said county under his said purchase at said tax sale.
“ The court further finds that the plaintiffs should pay the costs of this suit and proceedings, taxed at $--.”
The court proceeded thereupon to order and adjudge accordingly. The plaintiffs, moved the court to grant a new trial for the following causes :
“ First, that the decision of the court on the final hearing of this cause is not sustained by sufficient evidence, and is against the weight of evidence in the case.
“ Second, that said decision is contrary to law.
Third, that said decision was rendered in favor of the defendants, when it should have been in favor of the plaintiffs, according to the law and the evidence of the case.”
This motion was overruled, anda bill of exceptions was taken by plaintiffs embodying all the. evidence offered on the hearing.
Plaintiffs allege, among other things, that the district court erred in assuming jurisdiction to inquire whether the plaintiffs had been injured by the proceedings before the commissioners, for the location, construction, and establishment of the ditches described in their petition, and in continuing the ease for such inquiry.
By an act passed March 24, 1864, supplementary to the act of March 27, 1861, “to provide for locating, establishing, and constructing ditches, drains, and water-courses,” it was enacted, among other things, “that the collection of the taxes levied, or to be levied, to pay for the location and construction of any ditch, drain, or water-course, laid out and constructed under and by authority of the act to which this is supplementary, or the act entitled an act to provide for locating, establishing, and constructing ditches, drains, *596 and water-courses, passed March 24,1859, shall not be perpetually enjoined, or declared absolutely void, in consequence of any error committed by the engineer or surveyor, or by the county auditor, or by the county commissioners, in the location and establishment thereof, nor by reason of any error or informality appearing in the record of the proceedings by which any ditch, drain, or water-course shall have been located and established. But the court in which any proceeding is now pending, or may hereafter be brought, to reverse or to declare void the proceedings by which any ditch, drain, or water-course has been located or established, or to enjoin the tax levied, or ordered to be levied, to pay for the labor and fees aforesaid, shall, if there be manifest error in said proceedings, set the same aside, and allow the plaintiff in the action to come in, and show wherein he has been injured thereby. The court shall, on application of either party, appoint such person or persons to examine the premises, or to survey the same, or both, as may be necessary. And the court shall, on final hearing, make such order in the premises as shall be just and equitable; and may order such tax to remain on the duplicate for collection, or order the same to be levied, or may perpetually enjoin the same, or any part thereof; or if the same shall have been paid under protest, shall order the whole or such part thereof as may be just and equitable, to be refunded, the costs of said proceedings to be apportioned among the parties or to be paid out of the county treasury, as justice may require.” 8. & S. 321.
The plaintiffs sought, by their action in the court below, to quiet their title to the premises in controversy, as against the claim of the purchaser at tax sale. This they could not accomplish, except by having the proceedings for the location and construction of the ditches specified in their petition, and for the cost of which their lands had been assessed, set aside as irregular and erroneous. They therefore properly and necessarily asked in their petition that these proceedings might be set aside for errors which were specially assigned. The relief which they sought brought the case, *597 as we think, within the terms, and certainly within the policy and spirit of the statute which we have quoted. The court found the proceedings complained of to be manifestly erroneous, and thereupon properly set them aside. But as the errors found to have been committed were not such as would affect the jurisdiction of the commissioners in the premises, the court was forbidden by this statute to declare the whole proceedings absolutely void, and was required to allow the plaintiffs to come in and show wherein they had been injured thereby. And in taking this course we think the court below did not err.
Upon considering the report of the master appointed to make the necessary surveys and plats, ancl the testimony of the witnesses examined on the final hearing of the case, the district court found that the proportion of the costs and expenses of locating said ditches, and of the work of excavating and constructing the same, charged upon plaintiffs’ lands by the commissioners, was the just and equitable proportion properly chargeable thereon, and that plaintiffs should equitably he charged with the excavation and construction of that part of the ditch which had been assigned to them for construction. Upon a careful examination of all the testimony, we can not say that this finding was unwarranted by, or clearly against, the weight of the evidence in the case. But the district court, without looking to the evidence bearing on the actual worth of the labor necessary to construct that part of the ditch which had been allotted to the plaintiffs, held that they were bound to pay the price at which its construction had heen publicly sold, by the county auditor, to Roe, under whom the defendant, Williams, was claiming.
In regarding the price at which the construction of this part of the ditch was let by the county auditor, as binding upon the plaintiffs, it is claimed, and we think justly, that the district court erred.
That court had found “ that the proceedings for the location, establishment, and construction of the ditches in the petition mentioned were irregular and erroneous, and that *598 the assessments made on plaintiffs’ lands on account thereof were illegally made.” These illegal assessments imposed no duty or obligation on the plaintiffs. The letting by the county auditor could bind the plaintiffs only when the assessments were legal. Being illegal, the plaintiffs were under no obligations, except such as are imposed by the statute to which we have referred. This statute is based solely upon equitable principles, and under it the plaintiffs could be subjected to the payment only of such part of the costs and expenses of the location and construction of the ditch, as should ratably equalize the burden imposed upon them with that of others whose lands were benefited by the ditch. The statute provides that irregularities in the proceedings for the location and construction of a ditch shall not exempt the parties interested from the liability to pay for the cost of its construction in proportion to the benefits which their respective lands may receive therefrom. But in this case the district court seems to have been governed by no such rule. The portion of the ditch assigned to the plaintiffs for construction was 1,600 feet in length. It was let by the auditor to Roe, at the price of $22 per rod, making an aggregate of $2,133, and this sum, with interest thereon till the time of the decree, the plaintiffs were ordered to pay. Nothing more could have been exacted, if the proceedings, the assessments, and lettings had all been found to have been regular and legal.
But they had been found to be wholly irregular, erroneous, and unauthorized by law, and had for this reason been set aside. They could not form a basis for ascertaining the amount which the plaintiff's ought in equity to pay, on the principle of a quantum meruit, as provided by the statute. The master, to whom the case was referred, reported the construction of the 1,600 feet of the ditch assigned to the plaintiff's to be worth some $750. No higher estimate is to be found in the evidence. Yet it was let by the auditor for nearly three times that sum. In holding the plaintiffs bound by this unauthorized and unreasonable contract of letting, we think the district court erred.
*599 Another feature in the case deserves consideration. The ditch as located, established, and ordered to be constructed, has never been completed. This is clearly shown by the record. As located and established, it should have commenced at the termination of another ditch previously constructed, and known as the Cuykeudall ditch, the waters of which it was intended to receive and carry off. But as constructed, the present ditch fails, by 200 feet or more, of making a connection with the Cuykendall ditch.
The result of this is that the waters of the latter are discharged upon and spread over the plaintiffs’ lands as heretofore. The estimate of the referee, as to the benefits accruing to the plaintiffs from the ditch, no doubt contemplated its full construction. We think they can equitably be required to pay only for the benefits conferred by the ditch as constructed. The whole of the costs and expenses of its construction should be apportioned among the parties benefited thereby, according 'to the benefits which they severally receive.
We think the district court also erred in adjudging that the plaintiffs should pay all the costs of the pr°ceedingThey had just cause of complaint. Their lands had been sold under proceedings which they alleged were erroneous and unauthorized. The district court found their complaint true and set the proceedings aside. Up to this point, at least, we think they were entitled to recover their costs. Further proceedings became necessary, under the statute, to ascertain how much they should, in equity, pay for the construction of the ditch, by which it was claimed by the other parties to the controversy that their lands had been benefited. We do not see upon what ground the necessary costs of this inquiry should be borne solely by the plaintiffs. The statute does not so provide. It directs that “ the costs of the proceeding shall be apportioned among the parties, or paid out of the county treasury, as justice may require.”
For these errors, the judgment of the district court will be reversed.
Ashburn, J., dissented as to the first proposition of the syllabus.